**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**TOBY RYDER**                                          **CASE NO.  6:19-CV-00702**

**VERSUS**                                                **JUDGE JUNEAU**

**NORTHLAND INSURANCE CO ET     MAGISTRATE JUDGE HANNA**
**AL**

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand filed on behalf of Plaintiff, Toby

Ryder. (Rec. Doc. 5). Defendants, Northland Insurance Company, Rowland Truck

Lines, Inc., and Bunny Thompson Walker, oppose the Motion (Rec. Doc. 8). The

Motion was referred to the undersigned magistrate judge for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. §636 and the

standing orders of this Court.  Considering the evidence, the law, and the arguments

of the parties, and for the reasons fully explained below, it is recommended that

Plaintiff's Motion be denied.

## Factual Background

Plaintiff filed this suit for injuries allegedly sustained in an automobile

accident on May 21, 2018 in St. Martin Parish, Louisiana. Plaintiff (a Louisiana

citizen[1]) alleged the accident was caused by Bunny Thompson Walker (a Florida

---

[1]        (Rec. Doc. 1-2).

citizen[2]), who was employed by Rowland Truck Lines (a Florida corporation with its principal place of business therein[3]) and insured by Northland Ins. Co. (a Connecticut corporation with its principal place of business therein[4]). (Rec. Doc. 1-2). Plaintiff alleged generally that he "sustained injuries to his mind and body, including but not limited to neck and back, together with mental anguish and physical suffering; loss of enjoyment of life; expenses for medical care; and loss of earnings." (Rec. Doc. 1-2, ¶VI). Plaintiff did not allege a specific monetary amount he was seeking to recover.

Defendants removed the case on the basis of diversity jurisdiction on June 3, 2019. (Rec. Doc. 1). In support of their removal, Defendants included an October 29, 2018 settlement demand from Plaintiff for $15,000 plus medical expenses of $4,831.00 and indicating medical treatment including chiropractic treatment and radiological exams of Plaintiff's neck and back. (Rec. Doc. 1-6). Defendants' Notice of Removal further stated that Plaintiff's counsel "advised" on March 6, 2019 that Dr. William Brennan had recommended cervical surgery and provided a surgical estimate of $56,810.00. (Rec. Doc. 1, ¶15; 1-7).

---

[2]    (Rec. Doc. 1, ¶8).
[3]    (Rec. Doc. 1, ¶9).
[4]    (Rec. Doc. 1, ¶10).

Plaintiff filed the instant Motion to Remand on the grounds that Defendants did not meet their burden of proof to show that the amount in controversy exceeds this Court's jurisdictional threshold of $75,000.

## Applicable Law

The federal district courts have original jurisdiction over cases involving a federal question, pursuant to 28 U.S.C. §1331, and those in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. §1332. Courts may also exercise, or decline to exercise, supplemental jurisdiction over certain cases. 28 U.S.C. §1367; *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 804, 810 (5th Cir. 2007). 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court.

Generally, upon the filing of a motion to remand, the removing party bears the burden to prove that federal jurisdiction exists. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995). Thus, Defendants, as the party seeking to invoke federal diversity jurisdiction under §1332, bear the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir.2003).

Diversity of the parties is not an issue in this case. Rather, Plaintiff challenges Defendants' removal on the grounds of amount in controversy. The Court must

determine whether Defendants have met their burden of proof to show by a

preponderance of the evidence that the amount in controversy exceeds $75,000.

> We ordinarily consult the state court petition to determine the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998). However, Louisiana prohibits plaintiffs from petitioning for a specific monetary amount. *See* La.Code Civ. P. art. 893(A)(1). Therefore, where, as here, the petition does not include a specific monetary demand, Prudential must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See De Aguilar,* 47 F.3d at 1412 (5th Cir.1995). This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount.

> *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002).

"[O]nce a defendant is able to show that the amount in controversy exceeds

the jurisdictional amount, removal is proper, provided plaintiff has not shown that it

is legally certain that his recovery will not exceed the amount stated in the state

complaint." *De Aguilar,* 47 F.3d at 1412. The plaintiff may establish that his claims

will not exceed the jurisdictional threshold to a legal certainty "by identifying a

statute, or by filing a binding stipulation, that so limits her recovery." *Manguno*, 276

F.3d at 724.

In support of their position that the amount in controversy exceeds $75,000,

Defendants pointed to Plaintiff's treating neurosurgeon's recommendation for

cervical discectomy and fusion and L5-S1 hemilaminectomy/discectomy, which Dr.

4

Brennan estimated to cost $56,810.00, and cited several Louisiana cases wherein plaintiffs were awarded damages in excess of $75,000 for similar injuries and treatment. (Rec. Doc. 8, at 5-6). Dr. Brennan's surgical recommendation was sent directly to Plaintiff's counsel. He concluded, "I feel it is more likely than not that this patient will need the following procedure as a result of the injury for which we have evaluated the patient." (Rec. Doc. 1-7).

Plaintiff argues this is insufficient, because he did not allege in the Petition or the October 2018 settlement demand for $15,000 plus medical expenses that he was seeking to recover damages for the surgery. (Rec. Doc. 5-1, at 4). However, the Court notes that Plaintiff's settlement demand pre-dated the surgical recommendation, and neither party has submitted evidence of any post-surgical recommendation settlement demand. Plaintiff further argues that his cervical disc injuries "existed both before and after the incident which is the subject of the suit." (Rec. Doc. 5-1, at 4). In other words, Plaintiff relies on speculative causation of the injury in support of his position that the amount in controversy does not exceed $75,000.

The Court is not persuaded by Plaintiff's causation argument. To the contrary, Plaintiff's reliance upon a causation issue shows that the amount is actually "in controversy." Plaintiff claims that the cervical injury pre-existed the accident, yet the surgery recommendation sent directly to Plaintiff's counsel and the chronology

5

of the settlement demand and the Petition, which does not specify that damages were

beneath the jurisdictional threshold, suggest that the need for surgery arose after the

accident and that causation is in dispute. Plaintiff has not identified a statute or

stipulated to limit his recovery to under $75,000. Absent such a stipulation, nothing

prevents Plaintiff from attempting to recover more than $75,000 at trial, which

Defendants have shown to be a real possibility. Accordingly, the Court finds that

Plaintiff has not proven to a legal certainty that damages will not exceed the

jurisdictional threshold, such that the amount in controversy requirement is satisfied.

## Conclusion

For the reasons discussed herein, it is recommended that Plaintiff's Motion to

Remand be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b),

parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of

Court.  A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the

time of filing.

Failure to file written objections to the proposed factual findings and/or the

proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized

by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds

of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5ᵗʰ Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C.

§636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 22ⁿᵈ  day of July,

2019.

_____

PATRICK J. HANNA